CELLULOID MANUF'G CO. *v.* ARLINGTON MANUF'G CO.

*(Circuit Court, D. New Jersey.    July 13, 1891.)*

DEPOSITION—CROSS-EXAMINATION—DEATH OF WITNESS.
   The deposition of a witness on direct examination by plaintiff will not be excluded on the ground that the witness died before he was cross-examined, where defendant procured the cross-examination to be postponed, and the witness died in the mean time.

In Equity.
*C. G. F. Wahle, Jr.*, for the motion.
*J. E. H. Hyde*, opposed.

GREEN, J.    This matter comes before the court upon a motion on behalf of the defendant to strike from the records the deposition of one John J. Ostrom, a witness produced and examined on the part of the complainant, for the reason that he had died after the close of the direct examination, and before there was a cross-examination.    The facts, about which there is no dispute, are these:    On the 14th of March last past, the solicitors of the complainant caused to be served upon the solicitor of the defendant notice in writing and in due form of the examination of witnesses on the part of the complainant, on the 23d day of that month. At the request of the solicitor of the defendant such examination was

postponed until the 27th day of March, which, however, being Good Friday, by consent of defendant's solicitor the examination was further postponed to March 30th. On that day, at the request of the solicitor of the defendant, the examination was again postponed until the 1st day of April. On that day the examination of the witness Ostrom was proceded with, the defendant's solicitor being represented by a clerk from his office, he himself being actually engaged in the argument of an important cause in this court. It is alleged by the solicitor of the defendant that consent to the taking of such examination at that time was given by him upon the condition that he should have the privilege of objecting to any part of the testimony, and that the witness should be produced, at some future day to be agreed upon, for cross-examination. The record shows that the direct examination of Ostrom was completed on the 1st day of April, and that the solicitor of the complainant declared that his *prima facie* case was closed. It further appears by the affidavit of Mr. Hyde that the testimony of the witness, who was duly sworn by the examiner, was taken in long-hand, and upon its conclusion was read over to the witness, who, however, did not sign it, as he expected to be cross-examined on some future day. The record further shows that the 4th day of April then following was fixed for the cross-examination of Ostrom; that on that day there was an adjournment at the request of the solicitor of the defendant until the 8th day of April, and again on that day, at the request of the solicitor of the defendant, a further adjournment until the 10th day of April. The witness Ostrom died in the mean time. The rule which governs the admission of depositions at common law, under circumstances similar to those stated, has not been enforced strictly in cases in equity. Unsigned depositions, where an opportunity to cross-examine has not been had, have been received and considered. 1 Greenl. Ev. § 554; *Gass* v. *Stinson*, 3 Sumn. 98; *Daries* v. *Otty*, 35 Beav. 208; *Tunswell* v. *Scurrah*, 11 Law T. (N. S.) 761. This case is much stronger than any cited. Here was an opportunity to cross-examine Ostrom, but for convenience of the solicitor of the defendant, who was to cross-examine, such opportunity was postponed. It was the act of the defendant's solicitor which prevented the cross-examination in the first instance. He cannot now be permitted by that act to deprive the complainant of the benefit of the testimony, which, so far as it went, had been properly taken. It has always been held that when a party against whom evidence is offered had opportunity to cross-examine, his failure to do so in effect operates as if he had availed himself of such opportunity. Under the circumstances of this case, I think the deposition should be received for what it may be worth, and therefore I deny the motion to strike it from the record. I think it proper to add that I shall permit the defendant to interpose any legal objection to the testimony. It is evident that a part of it is hearsay, and as such is not competent. Other objections may suggest themselves upon a critical examination of the record. Such objections may be raised at the final hearing, or at any time previous thereto.